# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDWARD KENNEDY et al.,

    Plaintiffs,

v.                                        No. CIV 01-1183 WJ/LFG

RICHARD HUGHES et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court pursuant to Defendant Richard Hughes' Motion to Dismiss Complaint [Docket No. 25] and a Motion to Dismiss Complaint [Docket No. 5] filed by Defendants Dasheno, E. Tafoya, Baca, C. Suazo, J. Gutierrez, A. Suazo, Chavarria, Shije, F. Tafoya, Warren, D. Gutierrez, and G. Gutierrez (the "Tribal Defendants").

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs filed a Complaint in this Court on October 12, 2001. Plaintiff Kennedy is a resident at Santa Clara Pueblo, an enrolled member of the Blackfeet Indian Tribe, and married to Plaintiff Singer. Plaintiff Singer is a resident of the Santa Clara Pueblo and an enrolled member of the Santa Clara Indian Pueblo. The "Tribal Defendants" are all enrolled members of the Santa Clara Indian Pueblo and officials of the Pueblo. These persons are sued in their individual capacities. Defendant Hughes is an attorney who provided legal services to the Tribal Defendants. Hughes is a non-Indian and does not reside at the Santa Clara Pueblo.

Plaintiffs' Complaint alleges federal question jurisdiction under 28 U.S.C. § 1331 pursuant to the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. §§ 1302 et seq. Plaintiffs essentially

allege that the Hughes and the Tribal Defendants violated their rights under the ICRA by drafting and adopting a tribal resolution that retroactively reinstated tribal sovereign immunity in tribal court while Plaintiffs had a claim against the tribe pending in tribal court.

**DISCUSSION**

Defendant Hughes and the Tribal Defendants argue that this Court lacks jurisdiction over Plaintiffs claims, or alternatively, Plaintiffs have failed to state a claim upon which relief can be granted because the ICRA does not create a private cause of action on which a party may bring a civil action such as Plaintiffs' complaint. Defendant Hughes and the Tribal Defendants also urge that Plaintiffs' claims should be dismissed based on legislative immunity, failure of Plaintiffs to exhaust tribal remedies, and res judicata. Defendant Hughes additionally argues that Plaintiffs' claims should be dismissed because the tribal resolution at issue in this case did not violate any of Plaintiffs' rights as it was not a bill of attainder and did not deprive Plaintiffs of liberty or property. Defendant Hughes further asserts that there was no conspiracy between Hughes and Tribal Defendants. Finally, Defendant Hughes urges this Court to find that Tribal Defendants and Hughes are entitled to qualified immunity.

This Court finds that it does not have jurisdiction over Plaintiffs' claims, or, alternatively, that Plaintiffs fail to state claims upon which relief can be granted because the ICRA does not authorize a cause of action such as Plaintiffs'.[1] Santa Clara Pueblo v Martinez, 436 U.S. 49 (1978). Thus, this Court need not address and will not decide the other issues raised by

---

[1] The Court recognizes that the factual allegations in Plaintiffs' Complaint at ¶¶ 28 - 36 and 46 - 50 standing alone could be read to attempt to invoke the habeas corpus provisions of Section 1303 of the ICRA. However, the Complaint read in its entirety makes clear that these are merely background facts to explain Plaintiffs' first cause of action in tribal court (CV96-436) that they allege was frustrated by Defendants when a resolution was passed reinstating tribal sovereign immunity.

2

Defendants, many of which appear to be issues of first impression in the Tenth Circuit. The Court commends Defendants for their briefs on these other issues, and while tempted to engage in an academic discussion of the application of legislative immunity, res judicata, and qualified immunity to this case, the Court will save these issues for another day and another case.

The ICRA provides that "No Indian tribe in exercising its powers of self-government shall . . . deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law . . . ." 25 U.S.C. § 1302. As the Supreme Court noted in Martinez, the only express remedial provision found within the ICRA is Section 1303 which extends the writ of habeas corpus in federal court to test the legality of a person's detention by order of an Indian tribe. 436 U.S. at 58. The Court in Martinez held that, in passing the ICRA, Congress did not intend to create a federal forum for issues arising under Section 1302 of the ICRA and that the failure to provide a remedy other than habeas corpus was a deliberate one. Id. at 59-60. Thus, in accordance with Martinez, a plaintiff alleging a violation under the ICRA does not state a claim upon which relief can be granted unless plaintiff is in court by writ of habeas corpus. Additionally, courts have found that federal question jurisdiction does not lie for a claim under the ICRA except by writ of habeas corpus. See Olguin v Lucero, 87 F.3d 401 (10th Cir. 1996).

Plaintiffs urge this Court to allow their ICRA claim to proceed in federal court under the exception to Martinez found in Dry Creek Lodge, Inc. v Arapahoe and Shoshone Tribes, 623 F.2d 682 (10th Cir. 1980). The "absolute necessity" exception found in Dry Creek Lodge is narrowly construed. White v Pueblo of San Juan, 728 F.2d 1307 (10th Cir. 1984). In order to qualify for the Dry Creek exception, a plaintiff must demonstrate that the dispute involves a non-Indian party, that a tribal forum is not available, and that the dispute involves an issue falling

3

outside internal tribal affairs. Ordinance 59 Ass'n v United States Dep't. of the Interior Secretary, 163 F.3d 1150, 1156 (10th Cir. 1998).

Plaintiffs contend that Plaintiff Kennedy is a non-Indian party to this dispute. The Court recognizes that Plaintiff Kennedy is not a member of the Santa Clara Pueblo, but is an enrolled member of the Blackfeet Indian Tribe. Dry Creek and its progeny have not clarified whether a non-member Indian would qualify as a non-Indian for purposes of the Dry Creek exception. This Court, however, need not delve into this delicate matter because Plaintiffs have failed to show that they would be entitled to the exception if Kennedy was found to be a non-Indian.

Plaintiffs have failed to show that a tribal forum is not available to address their dispute. Plaintiffs state that a tribal forum is effectively and practically unavailable because the tribal forum has been dilatory in addressing Plaintiffs' various causes of action, and because the tribal government disbanded its appellate court system and adopted an intertribal appellate forum during the pendency of Plaintiffs' appeal from the tribal court decision on their case. Complaint ¶¶ 77, 78, 97, 98, 101. Plaintiffs are required to show that a tribal forum is actually unavailable; allegations of futility are insufficient. See White v San Juan Pueblo, 728 F.2d 1307, 1313 (10th Cir. 1984); Jimi Development Corp. v Ute Mountain Ute Indian Tribe, 930 F.Supp. 493 (D. Colo. 1996). Because Plaintiffs admit in their pleadings that their various cases are still pending before the tribal fora, they have failed to show that no tribal forum is available.

Plaintiffs also fail to show that their dispute involves issues falling outside internal tribal affairs. Plaintiffs' dispute involves the tribal council's decision regarding tribal sovereignty in a civil rights suit in tribal court, and the tribal council's decision regarding the tribal court structure. Complaint ¶¶ 85, 98, 108 - 115, 117 - 121, 123, 124, 125, 126. These issues are plainly internal tribal affairs and are at the very heart of tribal self-governance and self-determination.

Thus, Plaintiffs have failed to show that the Dry Creek exception applies in this case. Accordingly, Defendants are entitled to a dismissal of all claims with prejudice because Plaintiffs have failed to state a claim upon which relief can be granted or, alternatively, this Court lacks subject matter jurisdiction to hear Plaintiff's claims.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Richard Hughes' Motion to Dismiss Complaint [Docket No. 25] and the Tribal Defendants' Motion to Dismiss Complaint [Docket No. 5] are GRANTED and Plaintiff's Complaint is DISMISSED with prejudice in its entirety.

_____
UNITED STATES DISTRICT JUDGE